## Brunn *v.* Kean, Appellant.

Argued November 10, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Daniel B. Dixon*, with him *Rose, Eichenauer, Stewart & Rose*, for appellant.

*Warren H. Van Kirk*, for appellee.

PER CURIAM, January 14, 1949:

Plaintiff entered a judgment in ejectment against defendant upon a confession contained in a written lease on April 5, 1948. A writ of habere facias possessionem was issued on the judgment. Defendant filed a petition for rule to show cause why the judgment should not be opened and for stay of execution. The property leased contained about 50 acres and various farm buildings;

and the lease made reference to the premises as a farm. Defendant's petition averred noncompliance by plaintiff with the federal laws and regulations pertaining to rent control and to the eviction of tenants. Such regulations are not involved where the property leased is a farm. The matter came before Judge SOFFEL of the Court of Common Pleas of Allegheny County, and she heard arguments of counsel.

On the morning of April 9, 1948, counsel for defendant having appeared, the court below made the following order on the defendant's petition for rule to open judgment and for stay of execution: "And now, to wit, this 9th day of April, A.D. 1948, the foregoing petition having been presented in open Court, upon consideration thereof, and upon motion of Daniel B. Dixon, attorney for petitioners, rule requested is refused. Execution stayed until 10 A.M., April 10, 1948."

On the afternoon of April 9, 1948, counsel for defendant filed a petition for further stay of execution. The following order was thereupon signed by the court below: "And now, to wit, this 9th day of April, A. D. 1948, the foregoing petition having been presented in open court, upon consideration thereof, and upon motion of Daniel B. Dixon, attorney for petitioner, all proceedings in execution at Hab. Fa. No. 40 July Term, 1948, are stayed until April 19, 1948, and the return day of said Hab. Fa. No. 40 July Term, 1948 is extended until the first Monday of May. Defendant to request no further stays. And no further stays to be granted."

The court below, in compliance with Rule 58 of this Court, filed its opinion in which it stated that it "was of the opinion that upon signing said order the differences between the parties had been resolved and that the aforesaid order of court was acquiesced in by the parties, through their Counsel."

Both orders appear to have been made on motion of defendant's counsel. Three days after the last order, defendant appealed to this Court from the first order

576

of the court below, although evidently the only thing finally before the court was the stay of execution. The parties having agreed before the court as to the disposition of the litigation, defendant has no ground for appeal from his own action.

From the record before us, it appears that at the hearing on petition to increase the amount of the bond on appeal and answer thereto defendant clearly indicated the dilatory character of the entire proceeding.

Appeal is dismissed, at the cost of appellant.