623 A.2d 849

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,

v.

Thomas VELTRI.

Superior Court of Pennsylvania.

Argued Jan. 7, 1993.

Filed April 23, 1993.

Thomas A. McDonnell, Pittsburgh, for appellant.

Michael J. Colarusso, Pittsburgh, for appellee.

Before ROWLEY, President Judge, and JOHNSON and MONTGOMERY, JJ.

ROWLEY, President Judge:

State Farm Mutual Automobile Insurance Company ("State Farm") appeals from the order entered following the denial of its request for an independent medical examination of appellee/insurance claimant, Thomas Veltri. State Farm claims that a physician's report, issued in connection with a peer review of this case, contained an opinion on causation which State Farm could not rely upon in good faith. Because State Farm is essentially asking us for an advisory opinion, we dismiss the case without considering the questions raised by State Farm.

In November of 1990, appellee was involved in a motor vehicle accident whereby he allegedly sustained various personal injuries. He underwent medical treatment for these injuries, but was not billed until September of 1991. Appellee's insurance carrier, State Farm, then submitted these bills

and corresponding medical records to the Tri–State Rehabilitation Group for a peer review pursuant to 75 Pa.C.S.A. § 1797(b).[1] The peer review organization retained a board certified neurologist to evaluate whether the treatment at issue was "reasonable" and "medically necessary."

The neurologist's report stated in pertinent part: "[T]herapy and evaluations which did not take place until six months following the motor vehicle accident could no longer reasonably be causally related to this motor vehicle accident." State Farm is concerned that the law does not permit it to rely upon this report,[2] and has requested an opportunity to conduct an independent medical examination of appellee. The trial court responded to State Farm's request for the examination as follows:

> In this case, State Farm has already obtained an independent medical evaluation which conclusively found that the medical treatment was not related to the automobile accident on the basis of the information furnished by the insured's treating physicians. Consequently, this is not a situation in which the information available to the insurance company is insufficient to permit the insurance company to evaluate the claim.

Trial Court Opinion at 2–3. We find that the trial court's decision is not unfavorable to State Farm, and that State Farm is essentially asking us to confirm whether it should rely on the decision.

State Farm has not petitioned our court with a true controversy. The trial court determined that State Farm has suffi-

---

1. 75 Pa.C.S.A. § 1797(b) (1992), Pennsylvania Motor Vehicle Financial Responsibility Law.

2. State Farm cites a trial court opinion for two propositions: 1) whether "treatment was related to an automobile accident is not an issue for which § 1797(b) provides peer review evaluations"; 2) a claimant may bring a bad faith claim under § 8371 when an insurance company denies him coverage based on findings from a peer review "on issues for which there is no provision for a peer review under § 1797(b)." *Knox v. Worldwide Insurance Group*, 140 P.L.J. 185, 189 (Alleg. Co.1991). Because State Farm interprets the peer review medical report as having found that treatment was not related to appellee's automobile accident, it fears that reliance on this report would be an act of bad faith.

cient information to evaluate the claim, and acknowledged the neurologist's report as information available to it. Therefore, we view State Farm's request for an independent medical exam as an indirect means of assessing whether the trial court's determination, though favorable to appellant, correctly applies the law. We are not permitted to render advisory opinions, *Courtney v. Ryan Homes, Inc.*, 345 Pa.Super. 109, 119, 497 A.2d 938, 942 (1985), and for this reason, we must dismiss the appeal.

Appeal dismissed.