## Rothrock Motor Sales Inc. v. Northern Insurance Co. of New York

348

C.P. of Lehigh County, no. 93-E-0059.

*Wallace B. Eldridge,* for plaintiff.

*Richard Bruce Morrison* and *Christine L. Davis,* for defendant Northern Insurance Co. of New York.

*Daniel Morgan,* for defendants Bowers Schumann & Welch Insurance Agency and Witbeck.

*Clyde Bartel,* for defendants Rothrock.

McGINLEY, *J.*, June 5, 2003—The issue before us is the interpretation of a policy of insurance with regard to indemnification for a wrongful discharge of an employer.

The relevant facts are as follows. On July 16, 1992, Rothrock Motor Sales Inc. through its principal, Bruce Rothrock Sr. discharged Ted Rothrock, father and supervisor of Douglas Rothrock. The jury found that the discharge was in retaliation because Douglas had filed a workers' compensation claim and awarded Ted Rothrock $192,000 in compensatory damages. The matter was appealed to the Superior Court on a question of first impression, and the verdict was affirmed by decision of the Superior Court on September 25, 2002. Petition for reargument was denied on December 4, 2002.[1] These events were litigated at 1993-C-211 (2638 EDA 2001, Superior Court).

Concomitantly, Rothrock Motor Sales Inc. sued Northern Insurance in equity in the instant matter to compel a defense and indemnification pursuant to certain policies of insurance that were in effect at the time of the occurrence. On June 12, 2000, the Honorable William E. Ford, chancellor, found that Northern Insurance was obligated to defend the wrongful discharge action. He deferred the question of indemnification pending resolution of the wrongful discharge litigation.

---

1. The decision of the Superior Court denying reargument was unavailable to this court at the time of the argument of these motions on December 17, 2002. Although we entered an order in this case that counsel should notify us in writing upon the receipt of a final decision from the Superior Court in that case, all counsel have failed to do so.

The wrongful discharge litigation has now concluded, with a final judgment against Rothrock for the wrongful discharge of Ted Rothrock. The plaintiff and the defendant filed cross-motions for summary judgment to determine whether the plaintiff is owed indemnity from the defendant.

We summarize the relevant findings as follows: For the years 1991 and 1992 when this cause of action arose, Northern carried two policies for Rothrock. Under one of these policies, called the "garage liability" policy, there was coverage for employment practices.

Northern did not attach an exclusion to the policy for "employment-related practices." Furthermore, the agent, Mr. Witbeck, wrote "not on policy" on the exclusions, to demonstrate that there was in fact, employment-related practices coverage.

The agent advised Rothrock that Rothrock had coverage for wrongful termination and sexual harassment. Ms. Toth, a senior employee at the insurance agency, noted in writing that "wrongful dischargment" would be covered. Ms. Toth had discussed these matters with a representative of Northern Insurance. A further written memorandum from Mr. Witbeck noted *"all covered,* except plagiarism as it is an intentional act with prior knowledge. If not intentional, even this is covered."

A jury verdict having been rendered in favor of Ted Rothrock and against Rothrock, Rothrock now seeks indemnification from Northern. Northern claims that since the jury found that the wrongful discharge was in retaliation for Ted's refusal to fire his son, that it is an intentional act not covered by the policy.

## DISCUSSION

An order that Northern defend the litigation is not dispositive of the duty to indemnify.

An insurer's duty to defend is a distinct obligation, different from and broader than its duty to indemnify *Aetna Casualty and Surety Co. v. Roe,* 437 Pa. Super, 414, 650 A.2d 94 (1994).

Northern claims that the following language in the policy relieves it from the obligation to indemnify.

"This insurance does not apply to any of the following: Expected Or Intended Injury. 'Bodily injury' or 'property damage' expected or intended from the standpoint of the insured . . . ."

First, we find this exclusion has no applicability at all in this case. The prior decree found, and appropriately so, that any coverage is afforded to Rothrock is due to the "personal injury" coverage, rather than the bodily injury coverage. Personal injury is a broader concept and it is under this coverage that the employment practices coverage was extended. The "bodily injury" exclusion would apply only to the bodily injury coverage.

The jury having now found that the insured is liable for wrongful discharge, but having rejected an award for punitive damages, the insured is clearly entitled to indemnification pursuant to the policy coverage for "wrongful dischargement."

Although we hold here that the "expected or intended" clause is inapplicable, we would otherwise decline to extend the "inferred intent" line of cases to the tort of wrongful discharge. As shocking as one might find this

situation,[2] it does not compare to selling heroin, *Minnesota Fire and Casualty v. Greenfield,* 805 A.2d 622 (Pa. Super. 2002); sexual molestation of a child, *Erie Insurance Exchange v. Claypoole,* 449 Pa. Super. 142, 673 A.2d 348 (1996);180 Ed. Law Rep. 302 (1996) or intentional physical assault, *Erie Insurance Exchange v. Fidler,* 808 A.2d 587 (Pa. Super 2002).

## DECREE NISI

And now, June 5, 2003, after consideration of the cross-motions for summary judgment of the plaintiff, Rothrock Motor Sales Inc. and the defendant Northern Insurance Co. of New York, the briefs, and after argument, and for the reasons set forth in the accompanying adjudication, it is hereby ordered and decreed that the motion of the plaintiff Rothrock Motor Sales Inc. is granted, and the defendant Northern Insurance Co. of New York shall indemnify Rothrock Motor Sales Inc. in the sums due and owing pursuant to the verdict against Rothrock Motor Sales Inc. in Theodore Rothrock and Douglas Rothrock v. Rothrock Motor Sales, Lehigh County no. 1993-C-211.

It is further ordered and decreed that the motion for summary judgment of Northern Insurance Co. of New York is denied.

This shall become a final decree of court upon praecipe of either party, if no exceptions or objections are filed within 10 days of the date of this decree.

---

2. It should also be noted that the jury declined to award punitive damages.