**Mid-Continent Insurance Co. v. Neves Construction, Inc.**

C.P. of Montgomery County, no. 09-43806.

*Chester F. Darlington,* for plaintiff.
*Christina Plush,* for defendant.

MOORE, *J.*, January 3, 2011—

## I.   FACTS AND PROCEDURAL HISTORY:

The issue presented on appeal is whether this court properly granted Mid-Continent Insurance Company's (hereinafter "the plaintiff") motion for summary judgment in its action for declaratory judgment against Neves Construction, Inc., et al (hereinafter "the defendants").

The plaintiff filed this action seeking a judicial declaration relieving it from any duty to defend or indemnify under a commercial general liability insurance policy that it provided to defendant Neves Construction. The policy contained the following provisions, exclusions and terms, in pertinent part:

SECTION I- COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. *Insuring Agreement*

a. We will pay those sums that the insureds become legally obligated to pay as damages because of "bodily injury" or "property damage" to which the insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

b. This insurance applies to "bodily injury" or "property damage" only if:

i. The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage lerritory";

The insurance policy defines an "occurrence" as "an accident, including continuous or repeated exposure to

substantially the same general harmful conditions."

The instant litigation stems from an underlying action filed by Nicolaos and Rachel Zoubroulis. The underlying Zoubroulis complaint alleges property damage arising from the faulty construction of their residential property by A.E. Scena Construction, the general contractor and builder. A.E. Scena Construction filed a joinder complaint against numerous additional parties, including Neves Construction, a carpentry sub-contractor. Scena's joinder complaint alleges the following acts of faulty workmanship by defendant Neves:

> The framing installed by Neves was defective in that Neves incorrectly installed the structural trusses underneath the second floor of plaintiff's residence and underneath part of the first floor of plaintiff's residence as well as incorrectly installing certain walls that were out of plumb and a bow window at plaintiff's residence.

The claims against defendant Neves Construction in the underlying litigation were submitted to plaintiff Mid-Continent Insurance Company for a coverage analysis. Pursuant to a review of the facts and circumstances of the case, the plaintiff concluded that the claims fell outside the coverage provided by the policy. Consequently, Mid-Continent Insurance Company initiated an action seeking a judicial declaration that it did not owe a duty to defend or indemnify Neves Construction in connection with the Zoubroulis lawsuit. The plaintiff subsequently filed the instant motion for summary judgment.

After reviewing the record and hearing oral argument

on the motion for summary judgment, this court concluded that plaintiff Mid-Continent was not obligated to defend or indemnify Neves Construction with regard to the *Zoubroulis* claim. Accordingly, by an order dated October 29, 2010, this court granted the plaintiff's motion for summary judgment. The defendants now appeal this court's determination.

## II. DISCUSSION

Any party may move for summary judgment as a matter of law after the relevant pleadings are closed "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report." Pa. R.C.P. 1035.2. A trial court's entry of summary judgment will only be reversed where it erred in concluding that either (1) no genuine issue of material fact existed; or (2) the moving party was entitled to judgment as a matter of law. *Phillips v. Cricket Lighters*, 576 Pa. 644, 651, 81 A.2d 1000, 1004 (Pa. 2003).

The existence of an insurer's duty to defend or indemnify are questions of law that may be decided on a motion for summary judgment in a declaratory judgment action. See *Sharpe v. St. Luke's Hospital*, 573 Pa. 90, 96, 821 A.2d 1215, 1219 (Pa. 2003); *Lebanon Coach Co. v. Carolina Cas. Ins. Co.*, 675 A.2d 279, 283 (Pa. Super. 1996). An insurer's duty to defend arises "whenever the complaint filed by the injured party may potentially come within the coverage of the policy." *Wilcha v. Nationwide But Fire Ins. Co.*, 887 A.2d 1254, 1258 (Pa. Super. 2005). However, "only allegations contained within the underlying

complaint pertaining to injuries which are either actually or potentially within the scope of the insurance policy obligate the insurer to defend the insured." *Erie Insurance Exchange v. Claypoole*, 673 A.2d 348, 355 (Pa. Super. 1996).

In the present case, Seena's joinder complaint in the underlying Zoubroulis litigation alleges that Neves Construction improperly installed framing, structural trusses and certain walls, causing damage to the Zoubroulis' home. Neves' insurance policy does not provide coverage for faulty workmanship. The insurance policy at issue is an occurrence-based liability policy which does not provide coverage for wrongful acts.

Under controlling Pennsylvania law, the construction defect claims alleged against Neves Construction do not constitute "occurrences" as defined by the insurance policy. See *Kvaerner Metals Division of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 589 Pa. 317, 908 A.2d 888 (Pa. 2006) (claims of faulty workmanship do not constitute an accident or an occurrence in an insurance policy). Indeed, the Superior Court addressed a factually indistinguishable case with nearly identical policy language in *Millers Capital Ins. Co. v. Gambone Brothers Development Co., Inc.*, 941 A.2d 706 (Pa. Super. 2007). In *Millers*, home buyers sued a developer and its subcontractors for faulty workmanship in the construction of their homes. *Id.* at 708. Similar to the instant case, the commercial general liability insurer in *Millers* denied coverage for the claims of faulty workmanship based on the following policy language:

A. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies...

B. This insurance only applies to "bodily injury" and "property damage" only if:

1. The "bodily injury" and "property damage" is caused by an "occurrence"...

2. The "bodily injury" and "property damage" occurs during the policy period; *Id.* at 711.

The policy in *Millers* defined an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.*

In the *Millers* case, the court of common pleas held that the insurer had no duty to defend or indemnify the developer against a faulty workmanship claim under the language of the insurance policy and the Superior Court affirmed the trial court's ruling on appeal. *Id.* at 718. In so holding, the Superior Court reiterated the reasoning applied by the Supreme Court in *Kvaerner*, specifically, that the terms "occurrence" and "accident" in a commercial general liability policy contemplated a degree of fortuity that simply does not accompany faulty workmanship. *Id.* at 713. See also *Kvaerner*, 908 A.2d at 899 ("We hold that the definition of 'accident' required to establish an 'occurrence' under the policies cannot be satisfied by claims based upon faulty workmanship. Such claims simply do not present the degree of fortuity contemplated by the ordinary definition of 'accident' or its common

judicial construction in this context."). Thus, the *Millers* case firmly establishes that faulty workmanship claims do not constitute "occurrences" within the meaning of a general liability policy. 941 A.2d at 713.

The holdings in *Kvaerner* and *Millers* control the issue at bar. The plaintiff's claim that Neves Construction and its subcontractors defectively installed structural trusses and certain walls are clear examples of faulty workmanship. The relevant policy language in this case is nearly identical to the policy language at issue in *Millers*, which held that the general liability policy excluded coverage for faulty workmanship. The defendants argument to distinguish the facts of the present case from *Millers* was unpersuasive.

Furthermore, there is no coverage for count II of the amended joinder complaint because an alleged "breach of contract" does not constitute an "occurrence." Under the clear weight of authority of this commonwealth, general liability policies do not obligate an insurer to defend or indemnify an insured for breach of contract claims. See *Freestone v. New England Log Homes, Inc.*, 819 A.2d 550, 553 (Pa. Super. 2003) ("it is clear that Pennsylvania law does not recognize the applicability of a general liability policy to [claims for breach of contract].").
See also *Redevelopment Auth. of Cambria County v. International Ins. Co.*, 685 A.2d 581 (Pa. Super. 1996) (en banc) ("The purpose and intent of [a general liability] insurance policy is to protect the insured from liability for essentially accidental injury to the person or property of another rather than coverage for disputes between parties to a contractual undertaking."). Therefore, Mid-Continent had no duty to defend or indemnify the defendants in the

underlying Zoubroulis lawsuit. Accordingly, this court properly granted mid-continent's motion for summary judgment.

## III. CONCLUSION

Based upon the foregoing analysis, this court's determination was proper and should be affirmed.