J-A09030-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN RE: ADOPTION OF M.R.D. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: R.D.D., SR., AND M.K.D. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1631 WDA 2019 |

Appeal from the Order Entered October 8, 2019
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  A-19-036


BEFORE:   SHOGAN, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MURRAY, J.:                           FILED JUNE 23, 2020

Appellants, R.D.D., Sr., (Maternal Grandfather) and M.K.D. (Maternal Grandmother), (collectively Grandparents), appeal from the order denying their petition to intervene in the adoption of their three-year-old granddaughter, M.R.D. (Child) (born August 2016), by J.R.D. (Stepmother). Upon review, we dismiss as moot.

At the time of Child's birth, S.A.D. (Father), and his wife, K.V.D. (Mother), lived with Grandparents in their home in Clarion County.  Orphans' Court Opinion, 11/22/19, at 2.  Mother suffered an aneurysm one day after

_____

[*] Retired Senior Judge assigned to the Superior Court.

giving birth to Child; as a result, Mother was in a vegetative state, and passed away in December 2017.

Father remained in Grandparents' home with Child until June 23, 2018, when Child was approximately 22 months old. Orphans' Court Opinion, 11/22/19, at 2. The Court of Common Pleas of Clarion County (custody court) found that "the maternal grandparents physically prevented Child from leaving with Father. . . ." Id. By order dated July 6, 2018, the custody court directed that Child be returned to Father. Id. at 3, n. 1. Child has resided with Father in Allegheny County since that time. Id. at 3.

Litigation continued in the custody court, and by temporary order dated July 13, 2018, the custody court granted Grandparents partial physical custody on alternating weekends from Saturday at 10:00 a.m. until Sunday at 5:00 p.m. Amended Preliminary Objections, 8/8/19, at Exhibit 1.

At a time unspecified in the record, Father married Stepmother. On June 20, 2019, Stepmother filed an adoption petition in Allegheny County (adoption court) pursuant to 23 Pa.C.S.A. § 2701. On July 26, 2019, Grandparents filed a petition to intervene. Grandparents alleged that they were not served with notice of the adoption petition, and learned of the petition during the custody trial in July 2019. In addition, Grandparents claimed the custody court issued a final custody order on July 11, 2019, finding that Grandparents stood in loco parentis to Child, inter alia. Grandparents stated that they "wish to have a continuing relationship with

their grandchild and to provide her with a positive influence in her life, and to provide a sense of stability and family." Petition to Intervene, 7/26/19, at ¶ 15.

On August 7, 2019, Stepmother filed preliminary objections, which she amended on August 8, 2019. Stepmother asserted she "was not legally mandated to obtain consent from [Grandparents] or provide any notice" of the adoption petition. Amended Preliminary Objections, 8/8/19, at ¶ 10. Stepmother stated that Grandparents "have failed to raise any legitimate or legally sufficient basis in their [p]etition to [i]ntervene upon which relief may be granted." Id. at ¶ 18. As such, Stepmother requested that the adoption court dismiss Grandparents' petition to intervene.

In her amended preliminary objections, Stepmother attached the July 11, 2019 custody order, which confirmed that the custody court found Grandparents to be in loco parentis to Child.[1] See Amended Preliminary Objections, 8/8/19, Exhibit 2. In addition, the custody court granted Father sole legal and primary physical custody, with Grandparents having partial physical custody on alternating weekends from Friday at 7:00 p.m. until Sunday at 6:00 p.m.; the order also provided for custody during holidays. Id. at ¶ 3. Although the custody court granted Father sole legal custody, it

---

[1] By being in loco parentis, Grandparents have standing to file for any form of physical or legal custody under the Child Custody Act, 23 Pa.C.S.A. §§ 5321-5340. See 23 Pa.C.S.A. § 5324(2).

directed that he "shall keep [Grandparents] informed of all major decisions concerning the child including where she is attending day care, pre-school, school, and medical treatment other than routine matters, and all information that would have been deemed important to another parent." Id. at ¶ 1. The custody court also permitted Grandparents "full access to all documents and information pertaining to the child upon request." Id.

The adoption court held oral argument on Stepmother's amended preliminary objections on October 8, 2019. Counsel introduced as exhibits, and the court admitted, portions of the record from the custody action including, but not limited to, transcripts from the July 1 - 2, 2019 custody trial, and the July 11, 2019 custody order.

Stepmother's counsel argued, in part, that Grandparents failed to state a claim upon which relief could be granted because they did not include in their petition the remedy or relief they sought. N.T., 10/8/19, at 17. Grandparents' counsel responded:

> With regard to relief, what we want is the ability to see the file, and we can't see that unless we intervene because it's sealed. . . . So had I been able to go to the courthouse and pull that pleading and make sure that the averments in the pleading are true and correct, I might not have had to file a Petition to Intervene. But I had no other way to get a copy of that information. It was not provided to my clients.

N.T., 10/8/19, at 19. Further, Grandparents' counsel argued that Grandparents had standing to intervene in the adoption proceeding because they stood in loco parentis to Child in the custody action.[2] Id. at 20.

The adoption court concluded that Grandparents did not have standing to intervene in the adoption proceeding. Id. at 23-24. By order dated October 8, 2019, the adoption court denied Grandparents' petition to intervene. That same day, the adoption court issued a decree granting the adoption by Stepmother.

On November 4, 2019, Grandparents timely filed a notice of appeal from the order denying their petition to intervene. On November 22, 2019, the adoption court filed an opinion without the benefit of a concise statement of errors complained of on appeal, because Grandparents failed to file it concurrently with their notice of appeal in contravention of Pa.R.A.P. 1925(a)(2)(i) and (b). By order dated November 26, 2019, this Court directed Grandparents to file the concise statement by December 10, 2019, and they timely complied. See In re K.T.E.L., 983 A.2d 745, 747 (Pa. Super. 2009) (holding that appellant's failure to strictly comply with Pa.R.A.P. 1925(a)(2) did not warrant application of the waiver rule, as no court order had been violated, and there was no prejudice to any party); Cf. J.M.R. v. J.M., 1 A.3d

_____

[2] We note Grandparents did not assert: (1) their in loco parentis status and partial custody award would be terminated by Stepmother's adoption; (2) Stepmother is not fit to adopt Child; or (3) they wished to file an adoption petition.

902, 907 (Pa. Super. 2010) (stating that appellant's failure to comply with an order from this Court to file a Rule 1925(b) statement will result in the waiver of the issues on appeal).

On appeal, Grandparents request that we review "[w]hether the [adoption] court abused its discretion or erred as a matter of law in denying [their] petition to intervene in the adoption proceedings regarding their grandchild[?]"[3] Grandparents' Brief at 8. Grandparents contend that the adoption court abused its discretion and/or committed an error of law pursuant to Pa.R.C.P. 2327(4).[4] In addition, they assert that it was in Child's best interests that they be permitted to intervene.

_____

[3] When considering an appeal from an orphans' court (the adoption court) order, our standard of review is an abuse of discretion. In re Adoption of R.J.S., 889 A.2d 92, 96 (Pa. Super. 2005). We have explained, "This [C]ourt must determine whether the record is free from legal error and the orphans' court's factual findings are supported by the evidence." Id. (citation omitted).

[4] Rule 2327. Who May Intervene

> At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if

> . . .

> (4) the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action.

Pa.R.C.P. 2327(4).

Upon review, we find Grandparents' issue moot. We have explained, "'An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.'" In Re D.A., 801 A.2d 614, 616 (Pa. Super. 2002) (en banc) (quoting Johnson v. Martofel, [797 A.2d 943, 946 (Pa. Super. 2002)]. This Court "may address mootness sua sponte, as we generally cannot decide moot or abstract questions, nor can we enter a judgment or decree to which effect cannot be given." M.B.S. v. W.E., ___ A.3d ___, ___, 2020 Pa. Super. LEXIS 418, *7 (Pa. Super. 2020) (citations omitted).

> The following exceptions apply to the mootness doctrine:
>
> 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court. Erie Insurance Exchange v. Claypoole, 449 Pa. Super. 142, 673 A.2d 348 (Pa. Super. 1996); Commonwealth v. Smith, 336 Pa. Super. 636, 486 A.2d 445 (Pa. Super. 1984).

In Re D.A., 801 A.2d at 616.

Instantly, the adoption court issued the adoption decree, which Grandparents did not contest, on October 8, 2019. Because there is no proceeding pending, this Court cannot enter a disposition that will have "any legal force or effect." Id.

Further, the exceptions to the mootness doctrine do not apply. This case does not present a question of great public importance, and the question presented is not capable of repetition and apt to elude appellate review. On

October 8, 2019, the adoption court issued both the order denying Grandparents' petition to intervene and the adoption decree, and Grandparents did not file a petition to set aside or vacate the adoption decree in the adoption court. Finally, Grandparents will not suffer a detriment due to the decision denying their petition to intervene. Section 5326 of the Custody Act provides:

> § 5326. Effect of adoption.
>
> Any rights to seek physical custody or legal custody rights and any custody rights that have been granted under section 5324 (relating to standing for any form of physical custody or legal custody) or 5325 (relating to standing for partial physical custody and supervised physical custody) to a grandparent or great-grandparent prior to the adoption of the child by an individual other than a stepparent, grandparent or great-grandparent shall be automatically terminated upon such adoption.

23 Pa.C.S.A. § 5326 (emphasis added). Because Child was adopted by Stepmother, Grandparents' right to seek any form of physical or legal custody under Section 5324 and their partial physical custody granted in the July 11, 2019 order will not be terminated by the adoption. Accordingly, we dismiss Grandparents' appeal as moot.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/23/2020