72

B.D.B., Inc., Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Argued May 7, 1982, before Judges ROGERS, MAC-PHAIL and DOYLE, sitting as a panel of three.

*Richard Wile,* for appellant.

*J. Leonard Langan,* Chief Counsel, for appellee.

OPINION BY JUDGE ROGERS, June 4, 1982:

B.D.B., Inc. seeks reversal of an order of the Court of Common Pleas of Allegheny County affirming two orders of the Liquor Control Board suspending B.D.B.'s restaurant liquor license for 35 days.

The Board found, after hearings, that the B.D.B. had sold alcoholic beverages, and permitted dancing and/or entertainment on its premises, during hours when such conduct was prohibited on the Sundays July 27, November 16 and November 23, 1980, violations of Section 406(a) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-406(a), and 40 Pa. Code §5.35(a).

The court below conducted a consolidated *de novo* hearing at which Liquor Board enforcement agents testified in detail as to their observations of activities at the licensed premises at the times in issue.

The licensee argues that the testimony of the Board's witnesses was inadmissible hearsay and the lower court erred in failing to exclude it. It contends that both witnesses testified solely from notes without the Board's counsel laying a proper foundation for the admission of the contents of those notes pursuant to the recorded recollection exception to the hearsay rule.[1] Its argument is misplaced. B.D.B.'s trial counsel did not object to this testimony when it was adduced; indeed, he neither objected to nor moved to strike the testimony of one of the witnesses, and moved to strike the testimony of the Board's other witness only after the completion of both direct and cross-examination of that witness.

---

[1] For a discussion of the recorded recollection exception to the hearsay rule, see McCormick, Evidence §§299-303 at pp. 712-716 (2d Ed. 1972) part of which has been adopted by the Pennsylvania Supreme Court in *Commonwealth v. Cooley,* 484 Pa. 14, 398 A.2d 637 (1979).

It is well established that hearsay evidence, admitted without objection, is accorded the same weight as evidence legally admissible as long as it is relevant and material to the issues in question. . . .

. . . .

Once evidence is admitted, it is well settled: "Where either party to a proceeding discovers at any time that improper testimony has been inadvertently admitted, he may have the error corrected by applying to the court to have the evidence stricken. . . . As a rule, *such motion will be allowed only in cases where the ground of objection was unknown and could not have been known with ordinary diligence at the time the evidence was received. . . . The matter is within the discretion of the trial judge.*" (Emphasis added).

*Jones v. Spidle,* 446 Pa. 103, 106-107, 286 A.2d 366, 367-68 (1971) (citations omitted).

In the case at bar the counsel for the licensee had ample opportunity to object to the testimony of the Board's witnesses when it was offered. Certainly no more than "ordinary diligence" was needed to ascertain that the witnesses were referring to their notes while on the stand.

Moreover, a reading of the record shows that the witnesses had sufficient independent recollection of the essential fact of unlawful after hours activities and referred to their notes only to refresh their memory as to details. Such use of notes as an aid to testimony is entirely proper. *See Commonwealth v. Canales,* 454 Pa. 422, 311 A.2d 572 (1973); *United States v. Riccardi,* 174 F.2d 883 (3rd Cir. 1949).

We note that the court below when writing the memorandum in support of its order, held that all the

testimony was admissible on the ground that the Board had established that the testimony was the witnesses' past recollection recorded under that exception to the hearsay rule. This was error and it was inconsistent with the hearing judge's correct ruling at the hearing that the notes were properly used to refresh recollection. Of course if the court below reaches the correct result for the wrong reason, we may affirm the order stating the correct reason. *Bearoff v. Bearoff Brothers, Inc.*, 458 Pa. 494, 327 A.2d 72 (1974).

Order affirmed.

#### ORDER

AND Now, this 4th day of June, 1982, the order of the Court of Common Pleas of Allegheny County entered June 10, 1981 in the above-captioned matter is hereby affirmed.