**Brian SIMPSON, Appellant,**

v.

**CITY OF NEW CASTLE (Two Cases).**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 10, 1999.

Decided Nov. 3, 1999.

Shawn A. Sensky, New Castle, for appellant.

James W. Manolis, New Castle, for appellee.

Robert E. Durrant, Pittsburgh, for amicus curiae, Pennsylvania League of Cities and Municipalities.

Before PELLEGRINI, J.,
FRIEDMAN, J., and RODGERS, Senior
Judge.

PELLEGRINI, Judge.

Brian Simpson (Landlord) appeals from an order of the Court of Common Pleas of Lawrence County (trial court) denying his request to permanently enjoin the City of New Castle, Pennsylvania (City) from enforcing certain provisions of the City of New Castle Codified Ordinances requiring landlords to register residential rental property that they own within the City.

On April 9, 1998, the City Council passed Council Bill 1998–11 (Ordinance) adopting, in full, the BOCA/Basic National Property Maintenance Code, Fifth Edition (1996), as promulgated by the Building Officials and Code Administrators International, Inc. (BOCA Code) with certain changes and additions.[1] Among the additions, the Ordinance included Chapter 9, Sections PM–901 through PM–907, requiring landlords to register all residential rental property owned by them within the City, submit to biennial mandatory inspections, pay a fee and obtain a permit to rent the property. The new provisions also provide for enforcement and penalty provisions for any violation of the Ordinance.

Claiming that Sections PM–901 through PM–907 of the Ordinance were either illegal or unconstitutional, Landlord filed a complaint in equity seeking a preliminary and permanent injunction to enjoin the City from enforcing those provisions alleging that they:

- violated Landlord's right to freedom from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution and.

Article One, Section Eight of the Pennsylvania Constitution;

- violated Landlord's due process rights under the Fourteenth Amendment to the United States Constitution and Article One, Section Nine of the Pennsylvania Constitution because there is no right to appeal if his application to rent his residential property is denied;

- resulted in double taxation of landlords within the City due to the additional fees imposed; and

- are unconstitutionally vague because they have incomplete or conflicting standards for residential rental property.

To maintain the status quo until a trial and a decision on the merits could be made, the trial court granted Landlord's request for a preliminary injunction and, after the pleadings were closed, the case proceeded to trial to determine whether the preliminary injunction should be made permanent.

At trial, Landlord testified that he owned 13 rental units within the City and that fees charged by the City for the permits under the Ordinance were illegal in that landlords were required to purchase a permit just for the privilege of renting their own property. He claimed that since he already pays an annual occupational tax, charging him an inspection fee to rent his property was "double taxation." He also stated that he believed his rights to freedom from unreasonable search and seizure were being violated because the challenged provisions of the Ordinance gave code enforcement officials the authority to enter the property to conduct interior inspections.

In opposition, John DiMuccio, City Business Administrator, testified that the fee charged was not a tax but a reasonable license fee. He stated that the fees collected from the permits were reasonable and necessary to offset the costs of imple-

---

**1.** But for this litigation, the Ordinance would      have taken effect May 4, 1998.

menting the Ordinance which included the hiring of an additional code official, automobile insurance, supply and equipment costs, clerical costs and utility costs.[2]

■ Vacating its preliminary injunction and denying Landlord's request for a permanent injunction, the trial court found the challenged provisions to be both legal and constitutional. After post-trial motions were denied, Landlord filed this appeal in which he raises the same issues as he raised before the trial court.[3]

## I.

■ Again, Landlord contends that the Section PM–903(a)[4] requirement that a biennial application must be filed for a permit to rent any residential rental units, together with the requirement that the owner allow the inspector access to his property[5] to determine if the unit is not a "public nuisance" or "substandard", violates his right to freedom from unreasonable searches protected by the Fourth

Amendment to the United States Constitution[6] and Article One, Section Eight of the Pennsylvania Constitution.[7] At the core of Landlord's argument is that those provisions allow for residential rental units to be inspected without a warrant if he does not give his permission, a position not supported by the language of the challenged provisions.

While a landlord is required to apply every two years for a permit to occupy each residential rental unit, and before the permit is issued, an inspection occurs, none of the challenged provisions automatically result in an inspection of property without the owner's permission. If a landlord refuses entry so that the required inspection cannot be made, all that occurs is that the permit would not be issued and the landlord could not rent the property. If the landlord rented the residential rental unit without a permit, he would then be cited. Because under this permit process no physical intrusion into landlord's property

2. Michael Elardo, Director of Code Enforcement for the City, also testified in opposition as to the additional Code official position that was required to implement the Ordinance.

3. Our scope of review of the denial of a motion for post-trial relief is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Lyons v. Saint Vincent Health Center*, 731 A.2d 206 (Pa.Cmwlth.1999).

4. Section PM–903(a) of the City Ordinance provides, in pertinent part:
Upon the application of the Landlord for a Residential Rental Property permit or renewal, thereof, the Department of Code Enforcement shall conduct an inspection of the Residential Rental Property to determine and ensure that the Residential Rental Property and each Unit contained therein is not a public nuisance or substandard and meets all zoning, health and safety requirements of the Codified Ordinances of the City of New Castle, Pennsylvania, as well as general applicable law.

5. Section PM–105.4 of the BOCA Code, not one of the challenged provisions, also requires that:
Every *occupant* of a structure or *premises* shall give the *owner* or *operator* thereof, or

agent or employee, access to any part of such structure or its *premises* at reasonable times for the purpose of making such inspection, maintenance, repairs or alteration as are necessary to comply with the provisions of this code. (Emphasis in original.)

6. The Fourth Amendment to the United States Constitution provides:
The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
U.S. CONST. amend. IV.

7. Article 1, Section 8 of the Pennsylvania Constitution provides:
The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.
PA. CONST. art. I, § 8.

necessarily occurs unless permitted, the Fourth Amendment to the United States Constitution and Article One, Section Eight of the Pennsylvania Constitution prohibitions against an illegal search and seizure are not implicated.

Even if we put the gloss on the challenged provisions that Landlord suggests, if the City would want to inspect rental premises without obtaining permission from the property owner, a landlord or a tenant to ascertain whether residential rental property was being rented without a permit or for any other reason, Section PM–105.3 of the BOCA Code provides that a search warrant must be obtained. It states:

> The code official is authorized to enter the structure or *premises* at reasonable times to inspect subject to constitutional restrictions on unreasonable searches and seizures. If entry is refused or not obtained, the code official is authorized to *pursue recourse as provided by law.* (Emphasis added.)

■ While there are exigencies or circumstances where a inspection can be made without a warrant, e.g., a building is falling down, *City of Pittsburgh v. Kron-* *zek,* 2 Pa.Cmwlth. 660, 280 A.2d 488 (1971), where a search is being conducted to determine if a specific violation of an administrative code has occurred, the "recourse as provided by law"[8] is for the administrative official to seek a warrant alleging that probable cause exists that a violation of a local ordinance has occurred. *See Camara v. Municipal Court of the City and County of San Francisco,* 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967); *Greenacres Apartments, Inc. v. Bristol Township,* 85 Pa.Cmwlth. 572, 482 A.2d 1356 (1984). Because Section PM–105.3 imposes on code officials the requirement to inspect subject to constitutional restrictions, it is adequate protection against unreasonable searches and seizures as protected by the Fourth Amendment to the United States Constitution and Article One, Section Eight of the Pennsylvania Constitution. As such, Landlord's claim is without merit.

## II.

■ Landlord also contends that the Ordinance violates his due process rights under both the United States[9] and the Pennsylvania Constitutions[10] because it

---

**8.** The term "recourse as provided by law" is used because this provision deals with all inspections that are to be made under the BOCA Code and, in some instances, a search warrant is not needed. Administrative inspections of certain regulated businesses fall within an exception to the warrant requirement where there is: (1) a substantial interest in regulating the business; (2) the regulation serves that interest; (3) the inspection is necessary to further the regulatory scheme; and (4) the regulation provided a constitutionally adequate substitute for a warrant by informing the owner or operator of the business that inspections will be made on a regular basis and that the discretion of the inspection officers will be limited. *See New York v. Burger,* 482 U.S. 691, 107 S.Ct. 2636, 96 L.Ed.2d 601 (1987); *see also, Fourth Amendment's Prohibition of Unreasonable Search and Seizure as Applied to Administrative Inspections of Private Property,* 69 L.Ed.2d 1078 (1982).

**9.** The Fourteenth Amendment to the United States Constitution provides, in pertinent part:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const., amend. XIV, § 1.

**10.** Article 1, Section 9 of the Pennsylvania Constitution provides, in pertinent part:

> In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of

fails to provide landlords with an appeal process should a permit application for their residential rental property be denied. However, Section PM–111.0 of the Code specifically provides that:

> Any *person* affected by a decision of the code official or a notice or order issued under this code shall have the right to appeal to the board of appeals, provided that a written application for appeal is filed within 20 days after the day the decision, notice or order was served. An application for appeal shall be based on a claim that the true intent of this code or the rules legally adopted thereunder have been incorrectly interpreted, the provisions of this code do not fully apply, or the requirements of this code are adequately satisfied by other means.[11]  (Emphasis in original.)

Because this provision provides landlords with an adequate opportunity to appeal any adverse decision with regard to their property, Landlord's due process rights are not violated.

### III.

■ Landlord also contends that the $30 permit fee required by Section PM–904 of the Ordinance acts as a double tax on the landlords of the City because landlords already pay an annual $10 occupational privilege tax.  Even if double taxation was not permitted,[12] the City argues that no double taxation occurs because that fee is not a tax as it is not used to raise general revenue but is reasonably related to the cost of implementing and paying for the inspections required by the challenged provisions.  As such, the City argues that the permit fee is merely a cost of regulation and not a revenue-raising tax.

In *Greenacres Apartments*, this Court addressed whether a fee imposed to register rental units was a regulatory fee and not a tax, stating:

> A licensing fee, of course, is a charge which is imposed pursuant to a sovereign's police power for the privilege of performing certain acts, and which is intended to defray the expense of regulation.  It is to be distinguished from a tax, or revenue producing measure, which is characterized by the production of large income and a high proportion of income relative to the costs of collection and supervision.

*Id.*, 482 A.2d at 1359.

Because the township was not receiving income out of proportion to the costs of supervising the regulatory scheme, in that case, we held that the licensing charge was a fee and not a tax.  In this case, just as in *Greenacres Apartments*, the uncontradicted evidence that the cost of regulation for the residential rental program was roughly equivalent to the amount raised from the biennial $30 fee imposed a regulatory fee and not a tax.  Because the $30 permit fee is not a tax, there is no "double taxation" even if double taxation were *per se* impermissible.

### IV.

■ Finally, Landlord contends that the challenged provisions are unconstitu-

---

his life, liberty or property, unless by the judgment of his peers or the law of the land...
PA. CONST. art. I, § 9.

**11.**  Even if the BOCA Code did not provide for its own appeal process, Pennsylvania Local Agency Law, 2 Pa.C.S. § 752, serves as the "default" appeal process when there is none and provides specifically:

> Any person aggrieved by an adjudication of a local agency who has a direct interest in

such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure).

**12.**  Nothing in the Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §§ 6901–23, precludes taxation of the same income stream by a local municipality unless prohibited by state law.  There is no violation of state law alleged here.

tionally vague for several reasons.[13] First, he contends that because Section PM–105.4 provides that every occupant of a residential rental property "shall" allow an inspection, and Section PM–903 provides that a code inspector officer "shall" conduct an inspection of such units, both without mentioning constitutional protections against unreasonable searches, those provisions are unconstitutionally vague. However, rather than being a vagueness argument, this is just another way of contending that these provisions unconstitutionally violate his rights against unreasonable searches which we have already rejected. Second, he contends that the ordinance is unconstitutionally vague because Section 1761.03(b),[14] providing for penalties when any provision is violated, is contradicted by Section PM–907,[15] which provides for different fines, and the Ordinance is unclear as to which applies for what violation. However, from a reading of these provisions, there is no contradiction because Section 1761.03(b) is supplanted by Section PM–907, a more specific provision that exclusively governs the penalties that are to imposed for violations of Chapter 9 of the Code.

Accordingly, because the challenged provisions are neither illegal nor unconstitutional, the decision of the trial court is affirmed.[16]

## O R D E R

AND NOW, this 3rd day of November, 1999, the order of the Court of Common

13. A law is void on its face if it is so vague that persons "of common intelligence must necessarily guess at its meaning and differ as to its application." *Fabio v. Civil Service Commission*, 489 Pa. 309, 314, 414 A.2d 82, 84 (1980). However, legislation will be presumed constitutional unless it "clearly, palpably and plainly" violates the constitution. *American Booksellers Association, Inc. v. Rendell*, 332 Pa.Super. 537, 481 A.2d 919 (1984). A law that may appear vague on its face "may withstand a constitutional challenge if it has been narrowed by judicial interpretation, custom and usage." *Fabio*, 489 Pa. at 315, 414 A.2d at 85. Moreover, it is our obligation to adopt a reasonable construction which will save the constitutionality of a statute. *Atlantic–Inland, Inc. v. Board of Supervisors of West Goshen Township*, 48 Pa.Cmwlth. 397, 410 A.2d 380 (1980).

14. Section 1761.03(b) of the Ordinance provides, in part:
   Section PM 106.2 entitled **"Penalty"** is amended to read as follows:
      Except as otherwise provided herein, any person who shall violate a provision of this Code shall, upon conviction thereof, be subject to a fine of not less than twenty-five ($25.00) dollars, nor more than one thousand ($1,000.00) dollars and/or imprisonment for a term not to exceed ninety (90) days, or both, at the discretion of the court. Each day that a violation continues after due notice has been served shall be deemed a separate offense.

15. Section PM–907 of the Ordinance provides:

   **Penalty.** Notwithstanding any provisions to the contrary, whoever violates any provisions of Chapter 9 shall be punished as provided in Section 101.99 of the Administrative Code, except that the fine shall be no less than three hundred ($300.00) dollars. Any violation of the provisions of Chapter 9 on any day, shall be a separate and distinct violation and shall subject the violator to separate and distinct penalties.

16. Landlord also raises two additional legal issues. First, Landlord contends that the trial court's decision to deny the permanent injunction was against the weight of the evidence because the trial court, looking at the identical facts and law, initially granted a preliminary injunction but then refused to grant a permanent injunction. Because the standard used in deciding whether to grant a preliminary injunction is different from the standard used in deciding whether to grant a permanent injunction, this contention is without merit. Additionally, Landlord contends that the trial court failed to fulfill the requirements of Pa. R.C.P. No. 1517 in failing to put its decision in adjudication form by not including a *decree nisi*. A trial court's failure to conform to rules setting forth the manner in which a court in equity is to issue an adjudication is not fatal where a party cannot articulate any prejudice suffered as a result of that failure. *Commonwealth v. Sal–Mar Amusements, Inc.*, 428 Pa.Super. 321, 630 A.2d 1269 (1993). In this case, no prejudice is articulated by landlord, as such the failure of the trial court to include a *decree nisi* is not fatal.

Pleas of Lawrence County, Pennsylvania, dated March 4, 1999, No. 40134/98Eq., is affirmed.