J-S01039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ANTOINE WARD | : | |
| Appellant | : | No. 52 WDA 2022 |

Appeal from the PCRA Order Entered December 10, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001839-2014

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED: May 23, 2023**

Appellant, Antoine Ward, appeals, *pro se*, from the order of the Court of Common Pleas of Allegheny County (trial court) that dismissed his first petition filed under the Post Conviction Relief Act (PCRA)[1] without a hearing. After careful review, we affirm.

On October 22, 2015, Appellant was convicted by a jury of first-degree murder, third-degree murder, and carrying a firearm without a license. The facts out of which this conviction arose were set forth by this Court in Appellant's direct appeal:

> On a snowy evening in January 2014, in the Mt. Oliver neighborhood of Pittsburgh, [a woman] heard gunshots and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

looked out a window to see a silver Lexus that appeared to be stopped at a stop sign. When she went outside to inquire if anyone was injured, there were four more shots and she saw sparks in the back of the car. [The woman] called 911, and paramedics arrived within minutes to find Jason Eubanks [Victim 1] and Cheryl[y]nn Sabatasso [Victim 2] dead in the car. Tracks in the snow led from the car to 302 Rochelle Street, where Appellant lived with [his girlfriend].

*Commonwealth v. Ward*, 188 A.3d 1301, 1304 (Pa. Super. 2018) (record citations omitted). A sock containing bullets and a plastic bag containing bloody clothing were recovered from a wooded area at the end of Appellant's street and the pistol used in the shooting and a magazine were retrieved from under a cabinet in the kitchen in Appellant's house. *Id.* at 1306; N.T. Trial at 607-11, 614-18. At trial, Appellant testified that he was in the car with Victim 1 and Victim 2 when they were shot and that he shot Victim 1, but contended that Victim 1 pulled the gun, that Victim 1 shot Victim 2 when he and Victim 1 were struggling over the gun, and that he was acting in self-defense when he shot Victim 1. N.T. Trial at 701-12.

On February 24, 2016, the trial court sentenced Appellant to consecutive sentences of life imprisonment for the first-degree and third-degree murder convictions, followed by two to four years' incarceration for carrying a firearm without a license.[2] Appellant filed a timely direct appeal challenging the

---

[2] Appellant was subject to a life sentence for the third-degree murder conviction because he was convicted of the first-degree murder of Victim 1 and therefore had a previous conviction for murder. 42 Pa.C.S. § 9715(a); *Commonwealth v. Coleman*, 285 A.3d 599, 608-14 (Pa. 2022).

sufficiency of the evidence to disprove his claim of self-defense, the admission of testimony of the Commonwealth's medical expert, and the trial court's failure to exclude evidence from the car, which had been disposed of by a third party 10 months after the murders and 6 months after Appellant's trial counsel and investigators had inspected the car, but before Appellant's expert had examined it in person. 188 A.3d at 1304, 1307-08. On June 1, 2018, this Court affirmed Appellant's judgment of sentence. Appellant filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on December 19, 2018. *Commonwealth v. Ward*, 199 A.3d 341 (Pa. 2018).

On July 5, 2019, Appellant filed the instant timely *pro se* PCRA petition. The trial court appointed counsel to represent Appellant, but Appellant requested to represent himself and on October 7, 2020, after conducting a *Grazier*[3] hearing, the trial court ordered that Appellant could proceed *pro se*. On November 17, 2021, the trial court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the PCRA petition without a hearing. Appellant did not file a response to the trial court's Rule 907 notice. On December 10, 2021, the trial court entered an order dismissing Appellant's PCRA petition. This timely appeal followed.

In this appeal, Appellant argues the trial court erred in rejecting the following five PCRA claims: 1) that trial counsel was ineffective for not

---

[3] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

objecting to allegedly false testimony concerning Appellant's statements when he was first interviewed by the police; 2) that appellate counsel was ineffective for failing to argue that a limitation on cross-examination of that testimony violated Appellant's constitutional right to confront witnesses; 3) that trial counsel was ineffective for not objecting to allegedly improper statements by the prosecutor; 4) that trial counsel was ineffective in his questioning of Appellant; and 5) that appellate counsel was ineffective in litigating two of the issues raised in Appellant's direct appeal.

We review the dismissal of a PCRA petition to determine whether the court's decision is supported by the record and free of legal error. *Commonwealth v. Staton*, 120 A.3d 277, 283 (Pa. 2015); *Commonwealth v. Grayson*, 212 A.3d 1047, 1051 (Pa. Super. 2019); *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012). All of Appellant's issues are claims of ineffective assistance of counsel. To be entitled to relief on a claim of ineffective assistance of counsel, the defendant must prove: (1) that the underlying claim is of arguable merit; (2) that counsel's action or inaction had no reasonable basis; and (3) that he suffered prejudice as a result of counsel's action or inaction. *Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015); *Commonwealth v. Burno*, 94 A.3d 956, 972 (Pa. 2014); *Commonwealth v. Ligon*, 206 A.3d 515, 519 (Pa. Super. 2019). The defendant must satisfy all three prongs of this test to obtain relief under the

PCRA. **Mason**, 130 A.3d at 618; **Ligon**, 206 A.3d at 519; **Commonwealth v. Johnson**, 236 A.3d 63, 68 (Pa. Super. 2020) (*en banc*).

Appellant's first two issues fail because Appellant cannot show that the underlying claim had merit or that he was prejudiced by counsel's conduct. Both of these claims involve the testimony of Detective McGee concerning a police interview of Appellant on January 25, 2014. Detective McGee testified at trial that he and Detective Sherwood interviewed Appellant on that date and that Appellant told them that he did not see Victim 1, who was a friend of his, on the day of the shootings, but that he spoke to Victim 1 by phone that day. N.T. Trial at 270-82, 289, 345. While testifying, Detective McGee refreshed his recollection by looking a report of the interview, which was written by Detective Sherwood. **Id.** at 276-77, 279-80, 344-45, 351-52. During cross-examination, Appellant's trial counsel sought to question Detective McGee concerning disciplinary action against Detective Sherwood and the trial court sustained the Commonwealth's objection to any questioning beyond the fact that Detective Sherwood was no longer employed in the police department's homicide division. **Id.** at 352-554.

Appellant argues in his first issue that Detective McGee's testimony was false because he was not the author of the report of the January 25, 2014 interview and that his trial counsel was ineffective for failing to object to his testimony on this ground. Contrary to Appellant's contention, however, there was no error or falsity in Detective McGee's use of Detective Sherwood's

report. Detective McGee testified to his own knowledge of the January 25, 2014 interview, not to the contents of the report, and used the report only to refresh his recollection. N.T. Trial at 270-82, 288, 343, 345. A witness may use a document that helps him refresh his recollection of matters of which he has personal knowledge, even if he did not author the document and regardless of whether the document is admissible in evidence. Pa.R.E. 612(a); **Commonwealth v. Sal–Mar Amusements, Inc.**, 630 A.2d 1269, 1274 (Pa. Super. 1993); **Dean Witter Reynolds, Inc. v. Genteel**, 499 A.2d 637, 641 (Pa. Super. 1985); **Commonwealth v. Ford**, 184 A.2d 401, 404 (Pa. Super. 1962) (detective's use of report authored by other police officers to refresh his recollection was proper).

Appellant argues in his second issue that the restriction on cross-examining Detective McGee concerning disciplinary action against Detective Sherwood violated his right to confront witnesses and that appellate counsel was ineffective for failing to raise this issue on direct appeal. Here, too, the underlying claim is without merit. The evidence introduced at trial was Detective McGee's testimony, not Detective Sherwood's report, and only Detective McGee's credibility was at issue. Appellant's trial counsel was permitted to and did fully cross-examine Detective McGee and challenge his testimony. N.T. Trial at 286-92, 343-75. Because Detective Sherwood did not testify at Appellant's trial and her report was not introduced in evidence by the Commonwealth, there was no violation of Appellant's right to confront

any of the witnesses against him. Appellate counsel cannot therefore have been ineffective for failure to assert such a claim.

In any event, neither the use of Detective Sherwood's report nor the limit on cross-examination concerning her conduct caused prejudice to Appellant. To satisfy the prejudice element of an ineffective assistance of counsel claim, Appellant must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Mason*, 130 A.3d at 618; *Burno*, 94 A.3d at 972; *Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (*en banc*). None of the January 25, 2014 statements by Appellant to which Detective McGee testified implicated Appellant in the shootings. N.T. Trial at 270-82. Rather, the testimony concerning Appellant's January 25, 2014 statement was incriminating because it showed that Appellant lied to the police about the shootings. *Ward*, 188 A.3d at 1305-06. Appellant, however, admitted in his own testimony that he lied to Detectives Sherwood and McGee on January 25, 2014 about the shootings. N.T. Trial at 717-23, 784-86. In light of Appellant's own admission that he lied, there is no reasonable probability that a marginal reduction in the extent or credibility of Detective McGee's testimony concerning those lies would have altered the outcome of Appellant's trial.

Appellant argues in his third issue that statements made by the prosecutor in her closing and in her cross-examination of him were improper

and that trial counsel was ineffective for failing to object to these statements. This issue is also without merit.

Most of the prosecutor's statements that Appellant claims were improper are characterizations of the plausibility of Appellant's testimony, arguments whether it would be more likely that he or other witnesses told the truth, or arguments that the jury could draw certain inferences concerning what happened. N.T. Trial at 751-52, 760-61, 833, 837-38, 841, 843-44, 846-47. It is proper for a prosecutor to summarize the admitted evidence, offer reasonable deductions and inferences from the evidence, provide fair rebuttal to defense arguments, and argue that the evidence establishes the defendant's guilt. *Burno*, 94 A.3d at 974; *Commonwealth v. Thomas*, 54 A.3d 332, 338 (Pa. 2012); *Commonwealth v. Miller*, 172 A.3d 632, 644 (Pa. Super. 2017). These statements were therefore proper, and counsel cannot be ineffective for failing to object.

Appellant contends that the prosecutor's use in these statements of the words "storyteller" and "lied" with respect to Appellant's testimony and her characterization of the shootings as "murder" and "cold-blooded killings," N.T. Trial at 833, 837, 843, 846, were improper. We do not agree. A prosecutor may present her arguments with logical force and vigor, and comments that constitute mere oratorical flair are not objectionable. *Burno*, 94 A.3d at 974; *Thomas*, 54 A.3d at 338; *Commonwealth v. Epps*, 240 A.3d 640, 646 (Pa. Super. 2020). Characterizing shootings as murders and "cold-blooded

killings" based on evidence concerning the crime that was introduced at trial is permissible oratorical flair. ***Commonwealth v. Clancy***, 192 A.3d 44, 65-67 (Pa. 2018) (prosecution's characterization of defendant as a "cold blooded killer" was permissible and counsel was not ineffective for failure to object); ***Ligon***, 206 A.3d at 519-21 (affirming denial of PCRA claim that counsel was ineffective for failure to object to prosecution's characterization of defendant as "a cold-blooded killer"). Arguments concerning the conclusions that the jury can draw from the evidence as to whether a particular witness or witnesses lied, including referring to the defendant's testimony as lies, are likewise within the range of permissible prosecutorial comment and argument. ***Commonwealth v. Sanchez***, 82 A.3d 943, 962-64, 981-82 (Pa. 2013); ***Commonwealth v. Lawrence***, 165 A.3d 34, 43-44 (Pa. Super. 2017); ***Commonwealth v. Judy***, 978 A.2d 1015, 1023-24 (Pa. Super. 2009).

Appellant also asserts that the prosecutor's statements concerning a possible robbery motive, Appellant's receipt of unemployment benefits, and the number of drug deals that Appellant did with Victim 1, N.T. Trial at 845, were improper. None of these statements supports a claim of ineffective assistance of counsel. Contrary to Appellant's contention, the prosecutor did not make a claim that Appellant intended to rob Victim 1 or Victim 2. ***Id.*** In addition, her reference to a possible robbery motive was proper as a response to Appellant's counsel's suggestion in his closing that the prosecution was arguing that Appellant shot Victim 1 to get drugs without paying and that this

was inconsistent with the fact that the drugs were still in the car after the shootings. *Id.* at 813, 844-45. The prosecutor's reference to unemployment compensation likewise was not improper as the subject was raised by Appellant in his statement to the police and his trial testimony on direct examination and had been discussed by Appellant's counsel in his closing. *See* Appellant's 1/31/14 Statement at 10; N.T. Trial at 702-03, 823-24.

The prosecutor's statement that Appellant "said he bought drugs from [Victim 1] at least ten times," N.T. Trial at 845, was not a fully accurate description of the evidence, as Appellant said in his statement to police and testified at trial that he bought cocaine off Victim 1 "from time to time" and resold it to make money, not that he bought cocaine from Victim 1 10 or more times. Appellant's 1/31/14 Statement at 7-8; N.T. Trial at 735-38. Appellant's testimony that this happened 5 times or less was with respect to the number of times he bought drugs from Victim 1 in 2014, a period of less than a month before Victim 1's death, not that he bought drugs from Victim 1 only 5 times or less over the many years that he knew Victim 1. N.T. Trial at 738. The importance of the drug sales in this murder trial, however, was not the number of times that Appellant had purchased drugs from Victim 1, but his admissions that he intended to buy drugs from Victim 1 on the night of the shootings and his statement to police that there was an argument about his inability to pay for the drugs at the time of the shootings. Appellant's 1/31/14 Statement at 5-10, 12; N.T. Trial at 699-04, 735-38, 744-46, 748-50. Any

inaccuracy in the prosecutor's statement was thus of minimal significance, and trial counsel's failure to object did not prejudice Appellant, as there is no reasonable probability that clarification that the evidence showed Appellant bought and sold drugs supplied by Victim 1 from time to time, rather than 10 or more times, would have altered the outcome of Appellant's trial.

In his fourth issue, Appellant argues primarily that his trial counsel was ineffective because he brought out Appellant's 1995, 1997, and 1998 convictions for theft, receiving stolen property, and conspiracy in his direct examination of Appellant. *See* N.T. Trial at 684. This argument is without merit because trial counsel had a reasonable basis for eliciting this testimony from Appellant. Appellant's trial counsel had sought to exclude these *crimen falsi* convictions, but the trial court ruled prior to Appellant's testimony that they were admissible despite their age. N.T. Pretrial Motions, 9/25/15, at 32-41; N.T. Trial at 678-82. The convictions were therefore going to come into evidence to impeach Appellant's credibility. Where the defendant testifies and prior convictions will come into evidence to impeach his credibility, defense counsel's introduction of the convictions on direct examination of the defendant, to preempt the Commonwealth's less favorable presentation of this evidence, is a reasonable strategic decision designed to benefit his client and is not ineffective assistance of counsel. *Commonwealth v. Pursell*, 724 A.2d 293, 311 (Pa. 1999).

Appellant's only other claim that trial counsel's direct examination of him was ineffective is that trial counsel allegedly asserted in his questioning that Appellant fired three shots at the victims, which was contrary to Appellant's testimony and defense that he fired only two shots. That argument fails because his contention concerning counsel's questions is unsupported by the record. Contrary to Appellant's assertions, the trial transcript shows that trial counsel did not state or suggest in his questions that Appellant fired three shots. Rather, trial counsel's questions only stated that three shots were fired and that Appellant fired two of those shots. N.T. Trial at 730. That is completely consistent with Appellant's testimony that a shot that hit Victim 2 was fired by Victim 1 when he and Victim 1 were initially fighting over the gun and that he shot Victim 1 twice. *Id.* at 710-12, 758-66.

In his final issue, Appellant argues that appellate counsel was ineffective in litigating the claims concerning the Commonwealth's medical expert and the disposal of the car in his direct appeal. With respect to the medical expert, Appellant's only claim of ineffectiveness of counsel is that appellate counsel allegedly failed to challenge the expert's opinion that the first shot that Appellant fired at Victim 1 was fatal. This argument is without merit because it is contradicted by the record from Appellant's direct appeal. Contrary to Appellant's assertions, it is clear from this Court's opinion in Appellant's direct appeal that appellate counsel did raise this argument, and the Court rejected it on the merits. *Ward*, 188 A.3d at 1310-11.

With respect to the disposal of the car, Appellant's only claim of ineffectiveness is that appellate counsel failed to argue that the assistant district attorney did not authorize the release of the car to Victim 2's family. Detective McGee testified at the hearing on the motion to suppress evidence from the car that the assistant district attorney authorized the release of the car to Victim 2's family. N.T., 7/23/15, at 14-16, 28. While the assistant district attorney testified that he did not recall authorizing the release of the car to Victim 2's family, *id.* at 37, the trial court found Detective McGee's testimony credible and that the assistant district attorney had authorized the release of the car. Trial Court Opinion, 1/19/17, at 17-18. Because the trial court found that the approval was given and that finding was supported by testimony that it found credible, an appellate argument contrary to that finding lacked merit and counsel cannot be ineffective for failure to assert it.

For the foregoing reasons, we conclude that the trial court correctly held that Appellant's claims of ineffective assistance of counsel were without merit. Accordingly, we affirm the trial court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/23/2023